IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| ANTHONY D. RASMUSSEN, Plaintiff, vs. MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL** Case No. 2:10-cv-00902-BSJ **FILED** CLERK, U.S. DISTRICT COURT May 26, 2011 (4:20pm) DISTRICT OF UTAH |
|---|---|

This matter came before the Court for oral argument on May 10, 2011. Richard A. Williams appeared on behalf of the Plaintiff and David I. Blower appeared on behalf of Defendant. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Commissioner's decision is REVERSED and REMANDED for the reasons outlined below.

## STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998), *citing Castellano v. Secretary of Health & Human Services*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than preponderance. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Stated another way, substantial evidence "means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## BACKGROUND

On April 21, 2008, plaintiff Anthony D. Rasmussen filed an application for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1385. (Administrative Record, filed November 19, 2010 (dkt. no. 8)("AR"), at 67-68). He was denied benefits at the administrative level, and sought judicial review by filing suit against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Complaint, filed March 18, 2010 (dkt. no. 3).)

## DISCUSSION

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(2006). The Commissioner follows a five-step sequential evaluation process for determining disability. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1520(a)(4)(2010). If a determination can be made that a claimant is disabled or not disabled, then the Commissioner does not move on to the next step. 20 C.F.R. § 404.1520(a)(4).

Step one requires the claimant to show "that he is not presently engaged in substantial gainful activity." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). At step two the claimant

must show that he has "a severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4). An impairment is not severe unless it significantly limits the ability of the claimant to do "basic work activities." Bowen v. Yuckert, 482 U.S. 137, 141; 20 C.F.R. § 404.1521(b).

> The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." §§ 404.1521(b), 416.921(b). Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting."

*Id.*

At the third step if a claimant is able to show his impairment is equivalent to a listed impairment, then he will be found disabled. *Id.* The fourth step requires the Commissioner to assess the Residual Functional Capacity ("RFC") of the claimant. The claimant must show at this step that given his RFC "the impairment or combination of impairments prevents him from performing his past work." *Lax*, 489 F.3d at 1084.

"The claimant bears the burden of establishing a prima facie case of disability at steps one through four." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). In order to so the claimant must provide evidence of his or her disability. 20 C.F.R. § 404.1512. Evidence includes, but is not limited to: objective medical evidence, other evidence from medical sources such as history, statements from others about the claimant's impairments, and decisions by other agencies. *Id.* If the claimant meets the burden in the first four steps, at step five the burden of proof shifts to the Commissioner to show that considering the claimant's age, education, work

experience, and RFC that the claimant is able to perform other work. *Id.* The work must be available in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2).

In the present case the Commissioner, through the written decision of the Administrative Law Judge ("ALJ"), held at step one that Mr. Rasmussen had not engaged in substantial gainful activity since the alleged onset date of his disability of April 30, 1997.[1] (AR 14). Next, the ALJ found that "there were no medical signs[2] or laboratory findings[3] to substantiate the existence of a medically determinable impairment." (AR 14). Essentially, the ALJ concluded that not only was Mr. Rasmussen's impairment not severe, but there was no evidence of it at all beyond his own description of his symptoms. Mr. Rasmussen argues that these findings are the result of legal error and are not supported by substantial evidence.

The ALJ correctly noted that an individual shall not be considered disabled unless he furnishes medical evidence to establish a disability. (AR 15). 42 U.S.C. § 423(d)(5)(A). The ALJ also correctly noted that an individual's statement of his own symptoms is not alone

---

[1] Interestingly, in an undated and unsigned Disability Report presumably completed by Mr. Rasmussen, he was employed forty hours a week earning $7.50 per hour doing maintenance work at "Truckstops, gas stations etc" from 1987-2000. (AR 135). This Court makes no determination about whether this constitutes substantial gainful activity; however, such evidence should be addressed in the decision of the ALJ along with any conflicting evidence, such as the Work History Report dated May 12, 2008. (AR 157).

[2] "Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1528.

[3] "Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests." 20 C.F.R. § 404.1528.

sufficient proof of disability (AR 14-15): "there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques . . . ." *Id.* However, the ALJ did not note that in making a determination of whether a claimant is "under a disability, the Commissioner . . . shall consider *all* evidence available in such individual's case record. *Id.* at (d)(5)(B)(emphasis added).

It is true that there is "very little medical evidence to review at any time up to [Mr. Rasmussen's] date last insured of June 20, 1998" (AR 16); however, much more recent medical records shed additional light on Mr. Rasmussen's mental health issues. For example, a Psychological Evaluation completed on May 6, 2009 placed Mr. Rasmussen in approximately the tenth percentile of adult intelligence and memory. (AR 369). His limited intelligence and psychological diagnoses today could be a sign of limited intelligence and mental illness in the past and should be considered in determining whether Mr. Rasmussen had a severe mental impairment that limited his ability to perform basic work activities.

In addition to giving further consideration to the question of whether Mr. Rasmussen had a severe impairment as required in the step two analysis, the following provision of law should be considered: "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(3).

The ALJ's finding that "there were *no* medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" is not supported by substantial evidence. (AR 17 (emphasis added)). Mr. Rasmussen's current medical records contain objective medical evidence of potentially severe impairment that warrants further consideration by the ALJ.

## CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Mr. Rasmussen's application for Disability Insurance Benefits is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in *Shalala v. Schaefer*, 509 US 292, 296-302 (1993).

DATED this 26th day of May, 2011

Judge Bruce S. Jenkins
United States District Court Judge